Louis EVANGELISTA, Petitioner,

v.

John ASHCROFT, et al., Respondents.

No. CV 01–6126.

United States District Court,
E.D. New York.

May 7, 2002.

Michael P. DiRaimondo, Melville, New York, for petitioner.

Alan Vinegrad, United States Attorney, by Scott Dunn, Assistant United States Attorney, Eastern District of New York, Brooklyn, New York, for respondents.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Petitioner Louis Evangelista ("Petitioner" or "Evangelista") seeks to be released from the custody of the Immigration and Naturalization Service ("INS") pending a final determination as to his right to request a hardship-based relief from deportation. A decision on the merits of this claim is being held in abeyance pending a decision by the Second Circuit in the appeal of the case of *Jankowski v. INS*, 138

F.Supp.2d 269 (D.Conn.2001). Presently before the court is Evangelista's habeas petition for release from INS custody until there is a final determination on the merits of his claim.

## BACKGROUND

### I. Evangelista's Background and Criminal Conviction

Evangelista is a native of Italy who has been a lawful permanent resident of the United States since 1961. Although Evangelista never became a citizen of this country, his wife is a naturalized United States citizen. His five adult children were all born in this country and remain residents of the United States.

In October of 1996, Evangelista was convicted, after a jury trial, of tax evasion. Specifically, Evangelista was convicted of conspiracy to impede the IRS in collection of income and payroll taxes in violation of 18 USC § 371, failure to collect or pay income/FICA taxes in violation of 26 USC § 7202 and attempt to evade or defeat tax in violation of 26 USC § 7201. After his conviction, Evangelista was sentenced to a 51 month term of imprisonment.

### II. Proceedings Before the INS

In 1999, Evangelista was placed in removal proceedings by the INS. The government's decision to seek to remove Evangelista from this country was based upon his conviction of an aggravated felony. See 8 U.S.C. § 1101(a)(43)(M)(ii). Evangelista sought administrative relief from deportation before the INS. In a decision dated April 11, 2000, an Immigration Judge ("IJ") denied the application. Evangelista moved for reconsideration of that decision, which application was denied on June 2, 2000. On October 25, 2000, the decisions of the IJ were upheld by the Board of Immigration Appeals ("BIA"). The BIA held that Evangelista was subject to removal based upon his convictions and, further, held that Evangelista was ineligible to apply for a waiver of deportation. In September of 2001, Evangelista was released from the custody of the Federal Bureau of Prisons, and, because of the foregoing proceedings, was placed in INS custody. Shortly thereafter, this action was commenced.

### III. Proceedings After Transfer to INS Custody and Before This Court

On September 13, 2001, after being placed in the custody of the INS, Petitioner commenced this proceeding seeking release. Meanwhile, upon being transferred to the custody of the INS, Petitioner was advised, by notice dated December 3, 2001, that the decision to detain him would be reviewed, after ninety days, by the INS District Director (the "District Director"). Petitioner was advised that any release that might be granted would be dependent upon his ability to demonstrate to the satisfaction of the INS that he neither posed a risk of flight nor was a danger to the community. Evangelista applied for release while this action was pending.

At argument held before this court in October of 2001, counsel informed the court that on December 12, 2001, the District Director would be reviewing Petitioner's claim for release pursuant to an order of supervision under 8 U.S.C. § 1231(a)(6). In view of the impending INS action, this court denied the request for release without prejudice to renewal after the INS determination.

In a decision issued in January 2002, the District Director denied Petitioner's request for release. In support of its decision, the INS cited Evangelista's history of involvement in criminal activities, which involvement spanned several years, as well as Evangelista's behavior during his incarceration. These factors led the INS to conclude that Evangelista would present a

threat to the community. Accordingly, the request for bail was denied.

In view of the INS decision to deny Petitioner's request for release, he now renews the application denied without prejudice at the October argument. It is to that application that the court now turns.

### IV. Grounds Asserted in Support of Petition for Release

Evangelista's principal argument in support of his petition for release is made pursuant to this court's inherent habeas power, as recognized by the Second Circuit in *Mapp v. Reno*, 241 F.3d 221 (2d Cir. 2001). Alternatively, it is argued that the INS decision to deny Evangelista bail violated his right to due process of law. It is to these arguments that the court now turns.

### DISCUSSION

### I. Standard For Granting Bail: Mapp v. Reno

■ In *Mapp v. Reno*, 241 F.3d 221 (2d Cir.2001), the Second Circuit held that District Courts possess the inherent power to grant bail to habeas petitioners who are being detained by the INS. *Mapp*, 241 F.3d at 223. That power, however, is "a limited one, to be exercised in special cases only." *Id.* at 226. When considering a request for bail, the court must make a two step inquiry. First, it must be determined whether the petition raises a "substantial" claim. Second, the court must consider whether the grant of bail is necessary to make the habeas remedy effective. *Id.* at 230.

■ A substantial claim for relief is found where a petitioner relies on clear case law establishing the likelihood of success on his claim. *E.g., Mapp*, 241 F.3d at 230 (substantial claim raised where petitioner challenged a deportation order "the propriety of which is clearly open to ques-

tion"). Establishing that a grant of bail is necessary in order to "make the habeas remedy effective," is a more undefined concept. Indeed, the court has not uncovered a case demonstrating circumstances where release from INS custody meets this standard. Presumably, this requirement is met in cases where bail is necessary to avoid immediate deportation or possibly in cases where a petitioner's assistance to his case is vital and such assistance is not possible from the place of detention.

### II. Petitioner is Ineligible For Release Pursuant to Mapp

■ The first issue to be considered is whether Petitioner has made a substantial claim for relief on the merits. The court holds that this element has been met. Petitioner raises a claim that is currently on appeal before the Second Circuit. Both sides have asked this court to stay its hand pending a decision in that case. At the district level, Petitioner's argument was accepted by the court. It is certainly as likely as it is not that Petitioner's argument will become the law in this circuit and the INS will be required to afford him the waiver of deportation hearing that he seeks. Accordingly, the court holds that Evangelista has set forth a substantial claim for relief.

The question of whether immediate release is necessary in order to make the habeas remedy effective is, however, not as clear. Evangelista's necessity argument is based upon the health care (or lack thereof) that he has received while in INS custody. According to his submission, he is likely to die in INS custody before a ruling on the merits of his claim because of his coronary heart disease and hypertension. He also notes that his wife is ill and in need of his support at home.

Petitioner acknowledges that the INS has allowed him to visit doctors in Pennsylvania (the state of his current detention), but complains that such visits have not revealed the cause of his ongoing chest pains. He seeks to be treated by his personal doctors who are located in New York. Evangelista's necessity argument is also based upon an alleged inability to assist in his defense because of the distance between Pennsylvania and his family and counsel in New York.

Upon consideration, the court holds that Evangelista has not established that his immediate release is necessary to make the habeas remedy effective. First, although he finds fault with the level of health care he has received, it is clear that the INS has provided Evangelista with a cardiologist and that appropriate tests have been conducted. It is not at all clear that any doctor in New York could do more for Evangelista than the physicians he is currently visiting in Pennsylvania. Thus, the court is unconvinced by the health care prong of Evangelista's argument.

The court is further inclined to deny that release is necessary to make the remedy sought effective because of the nature of the relief sought. Here, a grant of Evangelista's claim on the merits will entitle him only to a hearing as to a discretionary waiver from deportation. As to whether a person who seeks such a remedy must be released to make the remedy "effective," the court is guided from language in *Mapp* indicating that necessity is not shown in such cases. In *Mapp*, the court noted that the only relief sought by Mapp (as by Evangelista) was an order requiring the INS to consider his eligibility for a waiver of deportation. "[T]he effectiveness of this form of relief is wholly independent of the question of whether Mapp is incarcerated while the [requested] hearing is pending." *Mapp*, 241 F.3d at

230–31. *Accord Gomez v. Commissioner of Immigration and Naturalization Services*, 2001 WL 637382 *3 n. 1 (S.D.N.Y. June 7, 2001). Thus, the nature of the relief sought on the merits militates against a finding of necessity.

Further distancing this case from one where the power recognized in *Mapp* should be exercised, is the fact that Evangelista, unlike Mapp, has had the benefit of an INS hearing. In *Mapp* the INS took the position that detention was mandatory under 8 USC §§ 1126(c) and 1126(e). Under these statutes, the INS does not conduct periodic hearings to determine a detainee's eligibility for release—there simply is no such eligibility. Here, however, Evangelista is eligible for such periodic hearings pursuant to 8 U.S.C. § 1231 and, indeed, has had the benefit of such a hearing.

As recognized by the Second Circuit, the fact that the INS has held a bail hearing may be a critical factual distinction. Specifically, that court noted, albeit in dicta, that "it may be the case that had the INS exercised its discretion under § 1231(a)(6) and decided not to release [the petitioner] on bail, we would be required to defer to its decision...." *Mapp*, 241 F.3d at 229 n. 12. At least one court has read *Mapp* as requiring deference to the decision of the INS in such circumstances. *See Cinquemani v. Ashcroft*, 2001 WL 939664 *7–8 (E.D.N.Y. August 16, 2001).

Finally, the court is unconvinced that Evangelista's release is necessary for him to assist in his defense. The question in this matter that is currently before the Second Circuit is an equal protection argument that is purely legal in nature. This is not the type of claim requiring input from the client as it proceeds through the court.

In sum, the court holds that although Petitioner presents a substantial claim for

relief, he has not convinced the court that his immediate release is necessary in order to make the habeas remedy effective. Accordingly, his request for release, to the extent it is based upon the principals set forth in *Mapp v. Reno,* is denied.

### III. *Due Process Argument*

Petitioner's due process claim is two-fold. First, it is argued that his detention by the INS is presumptively invalid because it constitutes an indefinite period of detention in violation of the principals set forth in *Zadvydas v. Davis,* 533 U.S. 678, 701, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

Second, Petitioner argues that his due process rights were violated because the decision to deny bail was made by the District Director, whose interest is always in favor of detention. According to Petitioner, the District Director does not constitute the impartial adjudicator required to satisfy the due process of law to which Evangelista is entitled.

### IV. *Petitioner's Detention Does Not Violate Due Process*

#### A. *Zadvydas Does Not Apply*

■ As set forth by Petitioner, *Zadvydas* does, indeed, stand for the proposition that an INS indefinite order of detention may violate the detainee's right to due process of law. Petitioner's reliance on *Zadvydas* is, however, disingenuous under the facts of this case. Petitioner's detention is a direct result of his seeking relief from deportation. Had it not been for the commencement of this action, the INS would have long ago released Petitioner to Italy. The sole reason that Petitioner continues to be in the custody of the INS is the fact that he has asked for, and been granted a stay of deportation.

Unlike Zadvydas, Evangelista is not being held indefinitely beyond the removal period. Instead, he is being held pursuant

to a stay the he has requested. Under these circumstances, he cannot be heard to complaint that the time period during which he has been detained constitutes a denial of due process. *Accord Guner v. Reno,* 2001 WL 940576 *2 (S.D.N.Y. August 20, 2001) (reliance on *Zadvydas* misplaced where petitioner's continued detention was a result of his efforts challenging INS decision to deport).

#### B. *The Decision by the District Director Comports With Due Process*

The court rejects the notion that the fact that the decision denying release was made by the District Director constitutes a violation of due process. Two circuit courts of appeal have considered and rejected this precise argument. *See United States v. Garcia–Martinez,* 228 F.3d 956, 960 (9th Cir.2000); *United States v. Benitez–Villafuerte,* 186 F.3d 651, 659 (5th Cir. 1999). When rejecting this "institutional bias" argument, these courts were guided by the decision of the United States Supreme Court in *Marcello v. Bonds,* 349 U.S. 302, 75 S.Ct. 757, 99 L.Ed. 1107 (1955). There, the Supreme Court held that due process was not violated simply because the INS special hearing officer was subject to the supervision and control of the INS. *See Marcello,* 349 U.S. at 311, 75 S.Ct. 757.

Guided by this Supreme Court precedent, this court joins the Fifth and Ninth Circuits and holds that Evangelista's due process rights were not violated because the decision to deny him bail pending the outcome of his case on the merits was made by the District Director and not by an Immigration Judge.

As a final matter on this issue, the court notes that it is unpersuaded by Petitioner's heavy reliance on cases involving individuals being held for long periods of time because their country of origin refused

repatriation. *E.g., Ngo v. INS*, 192 F.3d 390, 390 (3d Cir.1999). The petitioners in those cases were in a legal state of limbo and faced the possibility of endless INS incarceration. Here, on the other hand, there is no evidence that Petitioner would be denied entry to Italy if he were to be deported. Indeed, once the Second Circuit rules on the merits of his present application Evangelista will either be deported or will be granted the hearing he seeks.

### V. *Other Arguments*

In addition to the arguments raised above, Evangelista takes issue with each and every finding of the INS concerning the impropriety of allowing Evangelista out on bail pending the determination of his case on the merits. As a preliminary matter, the court notes that it is not at all clear that there is jurisdiction to do anything but defer to the INS in this administrative determination. *See Mapp*, 241 F.3d at 229 n. 12. To the extent that these arguments are made in support of a separate due process argument, the court holds that there has been no showing of unfairness sufficient to support any such claim. Petitioner was given the right to present evidence in support of his position. That the INS rejected that position and, instead, adopted a different, equally supportable position, does not show any deprivation of Petitioner's due process rights. Moreover, if this court were to consider the fairness of the INS decision, and give it any level of deference, it would hold that the INS had acted within its proper discretion in denying bail.

### CONCLUSION

Petitioner's request for a writ of habeas corpus requiring his release from custody pending a decision on the merits of his claim is denied. The court continues to await a decision by the Second Circuit in *Jankowski v. INS* before deciding the merits of this case.

SO ORDERED.